Per Curiam.

The mere incorporation of tenants in common to enable them to carry on more conveniently a common object, does not vest in the corporation a title to the land which had been previously used by the individuals for the same purpose. The title must be conveyed by proper deeds from the individuals to the corporation. The deed of a “ share ” in the present case could convey to the defendant only the incorporeal right which the grantor had in the corporation. No real estate was conveyed by it, nor did it contain a description of any land. It meant to grant only what was the subject of the corporation certificate, that is, the corporate property. It is clear then, there being no conveyance of the land in question to the corporation, and none by the individual owner to the defendant, that there was an outstanding paramount title ; against which the plaintiffs have a right to be indemnified.
In regard to damages, if the plaintiffs extinguished the paramount title for a nominal sum, they were entitled to recover no more of the defendant. If they were put to trouble and *472 expense m procuring the extinguishment, that is a proper ground of damages.[1] The lease for 999 years is like an estate in fee, and it was for the benefit of the defendant to have the paiamount title extinguished by a conveyance of that kind.

 See Swell v. Patrick, 3 Fairfield, 9.